DAVID LOPEZ, ESQ. (DL-6779)
171 Edge of Woods Rd. | P.O. Box #323
Southampton NY 11969
631.287.5520 | DavidLopezEsq@aol.com

JAMES A. HUNTER, ESQ. (JH-1910)
42 Stagecoach Rd.
Pipersville PA 18947
484.437.5935 | Hunter@HunterKmiec.com

MIRIAM TAUBER, ESQ. (MT-1979)
885 Park Ave. # 2A
New York NY10075
323.790.4881 | MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK RUBENSTEIN,<br><br>Plaintiff,<br><br>- v. –<br><br>Y-MABS THERAPEUTICS, INC.,<br><br>Nominal Defendant,<br><br>- and –<br><br>THOMAS GAD,<br><br>Defendant. | CASE No. 22-8929<br><br>**COMPLAINT**<br><br>FOR RECOVERY OF<br>SHORT SWING PROFITS UNDER<br>SECURITIES EXCHANGE ACT<br>SEC. 16(b), 15 U.S.C. §78p(b)<br><br>**JURY TRIAL DEMANDED** |

**THE PLAINTIFF**, by his attorneys above named, complaining of the Defendants, respectfully alleges the following upon information and belief except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the ACT, 15 U.S.C. § 78aa.

1

**THE PARTIES AND VENUE:**

2. Plaintiff is a shareholder of Y-mAbs THERAPEUTICS, INC. ("Y-mAbs"), a Delaware corporation with principal offices within this District at: 230 Park Avenue Suite #3350, New York, New York 10169. Plaintiff Mark Rubenstein has been a shareholder of Y-mAbs continuously since approximately May 2020.

3. At all times relevant, the common stock of Y-mAbs was registered under Section 12(b) of the ACT, 15 U.S.C. § 78*l*, and was and is traded on the NASDAQ Global Markets, a national securities exchange located within this District.

4. One or more of the sale transactions to be recited herein were conducted through the facilities of the NASDAQ Global Markets.

5. This action is brought in the right and for the benefit of Y-mAbs which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

6. Thomas Gad ("GAD") is a natural person with principal offices c/o Y-mAbs Therapeutics, Inc., 230 Park Avenue, Suite #3350, New York, New York 10169.

7. At all times relevant GAD was an officer and director of Y-mAbs and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

8. GAD sold no fewer than 249,569 shares of Y-mAbs common stock between the less-than-six-months prior, and the less-than-six-months after March 10, 2021, through the facilities of the NASDAQ Global Markets or through dark pools and other market facilities located within this District.

**STATUTORY REQUISITES:**

9. The violations of Section 16(b) of the ACT to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

10. Demand for prosecution was made on Y-mAbs on June 8, 2021, and on August 6, 2021. Demand was made by Plaintiff's counsel David Lopez on behalf of Deborah Donoghue, a former client of Plaintiff's counsel and shareholder of the Company, who is now deceased. Ms. Donoghue did not receive a response to her demand, and filed a lawsuit in this Court on August 25, 2021, *see* Case No. 21-CV-7182 (the "Donoghue Action"). Y-mAbs opposed and moved to dismiss the Section 16(b) claim asserted by Donoghue, which was denied on August 8, 2022. (*See* Donoghue Action Dkt #37.) After Plaintiff's counsel notified the Court of Ms. Donoghue's death on September 21, 2022 (*see* Donoghue Action Dkt #43), the schedule for the Donoghue Action was extended pending Surrogate's Court proceedings. Plaintiff subsequently filed a letter motion seeking to intervene in the Donoghue Action, which was denied without prejudice on October 11, 2022 (*see* Donoghue Action Dkt #52). In filing this Complaint, Plaintiff seeks to designate this case as "related" to the Donoghue Action. Any further delay by the Plaintiff would be futile.

11. This Complaint is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities and Exchange Commission ("SEC").

## FIRST CLAIM FOR RELIEF:

12. All that has been pled before is realleged.

13. On or about March 10, 2021, GAD purchased 1,029,927 shares of the common stock of Y-mAbs in a private purchase from WG Biotech Abs in which he had an 18.70% ownership stake in the form of 20,565 of WG Biotech Abs shares prior to the purchase.

14. GAD paid for his purchase of the Y-mAbs shares by surrendering his entire ownership stake in WB Biotech Abs.

15. The fair market value of the Y-mAbs shares at the time of their purchase by GAD was $35.30 per share.

16. Within less than six months before and less than six months after March 10, 2021, GAD made numerous open market sales of an aggregate of 249,569 shares (more or less) of Y-mAbs common stock at higher prices than he paid for the purchase of shares of the same class on March 10, 2021.

17. Short-swing profits were realized by GAD from the purchases and sales within periods of less than six months described in Paragraphs 13 through 16, *supra*. Their precise amounts are unknown to Plaintiff pending discovery, and possibly appraisal but they are estimated at not less than $2,543,000.

## SECOND CLAIM FOR RELIEF:

18. All that has been pled before is realleged.

19. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

20. GAD, at times not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of Y-mAbs within periods of less than six months of each other while an officer and director of Y-mAbs, including but not limited to the transactions pleaded in the First Claim for Relief.

21. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider

of Y-mAbs, GAD realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of Y-mAbs.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring GAD to account for and to pay over to Y-mAbs the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements including fair and reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on every question so triable.

Dated:   New York, New York
         October 19, 2022

Respectfully submitted,

  */s/ Miriam Tauber*                                    */s/ David Lopez*
Miriam Tauber, Esq.                                    David Lopez, Esq.

  */s/ James A. Hunter*
James A. Hunter, Esq.

*Attorneys for Plaintiff*